UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRESTMARK, a division of METABANK, N.A.

                      Plaintiff,

        -against-

TELEESCROW, INC.

                      Defendant.

22 Civ. 385 (LGS)

**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

---

LORNA G. SCHOFIELD, United States District Judge:

      **WHEREAS,** on January 14, 2022, Plaintiff, Crestmark, a Division of MetaBank, N.A. ("Crestmark" or "Plaintiff") filed a Summons and Complaint, with Exhibits, and by Order to Show Cause filed an Application for a Temporary Restraining Order and Preliminary Injunction (the "Application"), along with the Declaration of Scott Keusch, executed the same day, with Exhibits, in support of the Application, to enjoin Defendant Teleescrow, Inc. ("Teleescrow" or "Defendant") from accessing or otherwise moving, interfering, or dissipating the funds which Teleescrow has identified as being held in Account No. 175306588, totaling $5,018,781.41 (the "Funds");

      **WHEREAS,** on January 18, 2022, this Court held oral argument on the Application, *ex parte*;

      **WHEREAS,** on January 18, 2022, because sufficient reason was shown by Plaintiff pursuant to Federal Rule of Civil Procedure ("FRCP") 65(b), this Court granted a Temporary Restraining Order enjoining Defendant from accessing or otherwise moving, interfering, or dissipating the Funds, which Plaintiff has shown are likely earmarked for, and due and owing to Plaintiff, pending the hearing on the preliminary injunction;

**WHEREAS,** this Court ordered that security in the amount of $5,000.00 be posted by Plaintiff on January 19, 2022, by 5:00 p.m.;

**WHEREAS,** such security was timely posted by Plaintiff;

**WHEREAS,** this Court also ordered that Defendant appear for telephonic argument on the Application, on January 26, 2022 at 3:00 p.m., and show cause why an order should not be issued pursuant to FRCP 65(a) enjoining Defendant from accessing or otherwise moving, interfering, or dissipating the Funds during the pendency of this action;

**WHEREAS,** this Court ordered that Defendant file opposition papers, if any, by January 24, 2022;

**WHEREAS,** Defendant did not file any opposition to the Application;

**WHEREAS,** this Court held telephonic argument on the Application on January 26, 2022, with both parties in attendance, at which time Defendant stated it did not oppose Plaintiff's Application; and,

**WHEREAS,** this Court, having considered the Application and the documents filed therewith, and having heard oral argument, hereby grants the Application because Plaintiff has demonstrated that it will suffer irreparable harm absent injunctive relief, there are at least sufficiently serious questions on the merits of Plaintiff's breach of contract and conversion claims to make them a fair ground for litigation and the balance of hardships tips decidedly in favor of Plaintiff, and Defendant does not oppose the Application. *See Bright v. Annucci*, No. 18 Civ. 1111, 2022 WL 110293, at *2 (S.D.N.Y. Jan. 12, 2022) (quoting *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010)).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, pursuant to FRCP 65(a), Defendant is hereby **RESTRAINED** and **ENJOINED** during the pendency of this action from accessing, or otherwise moving, interfering, or dissipating the Funds which Defendant has

identified as being held in Account No. 175306588, totaling $5,018,781.41, and is otherwise **RESTRAINED** and **ENJOINED** from taking actions with respect to Plaintiff's Funds that Defendant maintains at Metropolitan Commercial Bank, The Bank of Montreal, or any other banking institution that has the effect of accessing, moving, interfering, or dissipating such Funds.

Dated: January 26, 2022
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**