UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRESTMARK, a division of METABANK, N.A., <br><br> Plaintiff, <br><br> -against- <br><br> TELEESCROW, INC., <br><br> Defendant. | 22 Civ. 385 (LGS) <br><br> **ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION FOR EXPEDITED DISCOVERY** |

LORNA G. SCHOFIELD, United States District Judge:

**WHEREAS,** on Thursday, February 3, 2022, Plaintiff, Crestmark, a Division of MetaBank, N.A. ("Crestmark" or "Plaintiff") by order to show cause filed an Emergency Application for Expedited Discovery ("Application"), along with the Declaration of Christine B. Cesare, executed the same day, with exhibits ("Cesare Declaration"), in support of the Application; and,

**WHEREAS,** on Thursday, February 3, 2022 the Court entered an Order to Show Cause and directed that the Defendant appear for a telephonic argument on Friday, February 4, 2022 at 3:00 p.m. and show cause why an order should not be issued pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP") granting the Application; and,

**WHEREAS,** the Court ordered that opposition papers be filed by 12:00 p.m. on Friday, February 4, 2022; and,

**WHEREAS,** no opposition papers were filed; and,

**WHEREAS,** on Friday, February 4, 2022, this Court held telephonic argument on the Application, with both parties in attendance; and,

**WHEREAS,** this Court, having considered the Application, and its underlying documents, and having heard oral argument, hereby grants the Application because the Plaintiff has

1

demonstrated an urgent need and good cause for the discovery it seeks and further that such discovery is necessary to prevent irreparable harm and is consistent with the purposes of the Preliminary Injunction Order previously entered. (Dkt. No. 20.) It is hereby

**ORDERED** that Plaintiff's Application, pursuant to Rule 26 of the FRCP, is granted and the following categories of documents, set forth in Paragraph 27 of the Cesare Declaration, are to be produced by Teleescrow, Inc. ("Teleescrow") by **Tuesday, February 8, 2022**:

**Discovery from Teleescrow**

(a) ***Relating to the Metropolitan Commercial Bank ("MCB"), the Bank of Montreal ("BMO"), and all other Banking and/or Financial Institutions utilized by Teleescrow***. All account agreements, or other agreements, with the financial institution; all account statements, or other documents howsoever maintained, reflecting the amounts held by the financial institution for Teleescrow from 09/01/2021 to the present; all communications between Teleescrow and the financial institution from 09/01/2021 to the present; and all documentation, including account statements, internal records, and screenshots, demonstrating the flow and/or transfer of funds by and/or between Teleescrow, the financial institution, AmeriFactors Financial Group, LLC ("AmeriFactors"), and/or Silver Birch Systems, LLC ("Silver Birch").

(b) ***Relating to Silver Birch***. All agreements between Teleescrow and Silver Birch; all communications with Silver Birch from 09/01/2021 to the present; all invoices, or documents evidencing payments, provided by Silver Birch from 09/01/2021 to the present; and all documentation, including account statements, internal records, and screenshots, demonstrating the flow and/or transfer of funds between by and/or between Teleescrow, any financial institution, AmeriFactors, and/or Silver Birch.

(c) ***Relating to AmeriFactors.*** All agreements between Teleescrow and AmeriFactors; all documents evidencing payments made by and/or between Teleescrow and AmeriFactors; all communications with AmeriFactors from 01/01/2021 to the present; and all documentation, including account statements, internal records, and screenshots, demonstrating the flow and/or transfer of funds by and/or between Teleescrow, AmeriFactors, and/or Silver Birch; and it is further,

**ORDERED** that Plaintiff may seek discovery from third parties, also as set forth in Paragraph 27 of the Cesare Declaration, as follows:

**Third Party Discovery:**

(a) ***From MCB and BMO.*** All account, or other agreements, with Teleescrow; all account statements, or other documents howsoever maintained, reflecting the amounts held for

Teleescrow from 09/01/2021 to the present; all communications with Teleescrow during the period from 09/01/2021 to the present; all communications, including but not limited to any regulatory inquiries or filings, with any entity or individual involving Teleescrow or Silver Birch, from 01/01/2021 to the present; and all documents, and other information, relating to the letters contained in **Exhibits J** and **K** of the Cesare Dec., dated February 3, 2022, including: verification of the letters; any amounts reflected in the letters; and the identity of the bank officer that executed or provided the letter to Crestmark.

(b) *From AmeriFactors*. All agreements between AmeriFactors, as lender, and Silver Birch, as borrower; all agreements between AmeriFactors, as lender, and Daniel Oshatz; all agreements between Teleescrow and AmeriFactors; all documents evidencing payments made by Teleescrow to AmeriFactors; all communications between Teleescrow and AmeriFactors from 01/01/2021 to the present; all communications, including but not limited to, any regulatory inquiries or filings, with any entity or individual involving Teleescrow or Silver Birch from 01/01/2021 to the present; and all documentation, including account statements, internal records, and screenshots, demonstrating the flow and/or transfer of funds by and/or between Teleescrow, the financial institution, AmeriFactors and/or Silver Birch.

(c) *From Other Financial Institutions Identified In The Discovery.* Pursuant to this limited discovery, Crestmark expects to identify other financial institutions that have received funds: (i) subject to the proceeds of its security interest in Silver Birch; and/or (ii) resulting from the business operations of Silver Birch. Given the possibility that any funds could be dissipated and transferred outside of the reach of this Court, Crestmark may seek the same discovery from those entities, to the same extent it seeks discovery from BMO and MCB and upon notice to Defendant; and it is further,

**ORDERED** that by **Saturday, February 5, 2022, at 3:15 p.m.**, Defendant shall provide the name(s) of every bank, financial institution, or financial services company that hold any funds on behalf of Teleescrow to Plaintiff's counsel, and email that information to Plaintiff's counsel at the following email address: cbcesare@bclplaw.com.

Dated: February 4, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**