UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRESTMARK,
                              Plaintiff,        :        22 Civ. 385 (LGS)

            -against-                           :        ORDER

TELEESCROW, INC.,
                              Defendant.        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on March 14, 2022, Plaintiff filed an unopposed motion to enter Defendant's confession of judgment (the "Motion"). (Dkt. Nos. 40-42.) In support of the Motion, Plaintiff filed a February 23, 2022, affidavit of judgment by confession signed by Eillien Cabrera De Landestoy, Defendant's Chief Executive Officer ("Defendant's CEO"). (Dkt. No. 41-1.) In that affidavit, Defendant's CEO "authorizes entry of judgment against it" pursuant to C.P.L.R. § 3218 in the amount of $6,164,777.47. (Dkt. No. 41-1 ¶¶ 7-9.)

    WHEREAS, "[t]he Federal Rules of Civil Procedure do not specifically contemplate entry of judgment by confession." *Ream v. Berry-Hill Galleries, Inc.*, No. 16 Civ. 7462, 2020 WL 5836437, at *3 (S.D.N.Y. Oct. 1, 2020). Nevertheless, "[a] federal court . . . has the power to enter a confession of judgment where subject matter jurisdiction exists and the confession of judgment was made knowingly and voluntarily." *Sapon v. Hanbat Rest., Inc.*, No. 18 Civ. 11457, 2021 WL 621170, at *1 (S.D.N.Y. Feb. 16, 2021). "Where the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the law of the state in which the court is located." *Id.* (citing Fed. R. Civ. P. 64); *see also D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-87 (1972) (holding that a confession of judgment provision may be valid where the confession was "voluntary, knowing, and intelligently made"); *Alland v. Consumers Credit Corp.*, 476 F.2d 951, 958 (2d Cir. 1973) ("[A]lthough the district court correctly ruled that

the entry of a confessed judgment is a matter of procedure where the federal rules govern for purposes of *Erie*, questions regarding the interpretation to be given language in the confession of judgment are governed, as are other written agreements, by substantive state law." (internal citation and quotation marks omitted)).

WHEREAS, New York law provides, subject to one exception not relevant to this case, that "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in [sic] behalf of the defendant, or both, upon an affidavit executed by the defendant." C.P.L.R. § 3218. "[W]hile the New York courts permit the entry of judgment on a proper affidavit of confession by the clerk of the county in which entry of judgment is authorized, without an action, . . . the federal courts generally require the party seeking entry of a confessed judgment to make a motion." *Sapon*, 2021 WL 621170, at *2 (internal citation and quotation marks omitted). It is hereby

**ORDERED** that Plaintiff's Motion is GRANTED. Subject matter jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In addition, Defendant's confession of judgment was made knowingly and voluntarily and contains the information required by C.P.L.R. § 3218(a), including stating the sum for which judgment may be entered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 40 and to enter Judgment in favor of Plaintiffs in the amount of $6,164,777.47.

Dated: March 16, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2