```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
   CRESTMARK,                                                :
                                  Plaintiff,                 :    22 Civ. 385 (LGS)
                                                             :
                 -against-                                   :    ORDER
                                                             :
   TELEESCROW, INC.,                                         :
                                  Defendant.                 :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 6, 2022, Plaintiff Crestmark filed a motion seeking an order directing Metropolitan Commercial Bank to turn over the funds contained in Defendant Teleescrow, Inc.'s business checking account (the "Teleescrow Funds") to Plaintiff.  (*See* Dkt. Nos. 49, 51-52.)

WHEREAS, the July 6, 2022, Declaration of Christine Cesare identified various constraints Metropolitan Commercial Bank had received with respect to the Teleescrow Funds. (Dkt. No. 52.)

WHEREAS, the Court's July 8, 2022, Order directed Plaintiff to serve Defendant Teleescrow, Inc.; Garnishee Metropolitan Commercial Bank; and Adverse Claimants Amsterdam Capital Solutions, LLC, Itria Ventures LLC, ROC Funding Group LLC, Spin Capital, LLC and Wynwood Capital Group LLC by July 12, 2022, and file proof of service by July 14, 2022.  The July 8, 2022, Order further directed Metropolitan Commercial Bank and Adverse Claimants to file any opposition to Plaintiff's motion for turnover by July 20, 2022.  (Dkt. No. 53.)

WHEREAS, on July 14, 2022, Plaintiff filed an affidavit of service attesting to timely compliance with the Court's July 8, 2022, Order.  (Dkt. No. 54.)

WHEREAS, on July 20, 2022, Michael Guarino, General Counsel and Executive Vice Present of Metropolitan Commercial Bank, filed an affidavit "request[ing] the Court issue an

1

order directing [Metropolitan] where and to whom [Metropolitan] should pay the Teleescrow Funds . . . based upon the execution(s) related to the Teleescrow Account." (Dkt. No. 58.)

WHEREAS, no other opposition papers were timely filed.  It is hereby

**ORDERED** that, for substantially the reasons set forth in Plaintiff's memorandum of law in support of its motion for turnover, Plaintiff's motion is **GRANTED**.  (*See* Dkt. No. 51.) Pursuant to CPLR § 5225(b), Plaintiff has demonstrated that:  Teleescrow "has an interest" in the property Plaintiff seeks to reach, and (2) Teleescrow "is entitled to the possession of such property" as the owner of that account.  *See* CPLR § 5225(b); *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (applying CPLR § 5225(b)'s two-step analysis).  Plaintiff also has established that Plaintiff has superiority over the other Adverse Claimants to the Teleescrow Funds.  (*See* Dkt. No. 50.)  Accordingly, Metropolitan shall release the Teleescrow Funds to Plaintiff.

Dated: July 26, 2022
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**